IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLA AQUINO                                    *
5901 Dinwiddie St.                              *
Springfield, VA 22150                           *
                                                *
HELEN MERIDA ARDAYA                             *
5804 Hanover Ave.                               *
Springfield, VA 22150                           *
                                                *
        PLAINTIFFS,                             *
                                                *
        V.                                      *        Case No.: 19 — 2653
                                                *
JAMES G. DAVIS CONSTRUCTION                     *
CORPORATION                                     *
12530 Parklawn Dr., # 100,                      *
Rockville, MD 20852                             *
                                                *
        Serve: THE CORPORATION TRUST, INC.*
               2405 York Road                   *
               Suite 201                        *
               Lutherville Timonium, MD 21093   *
                                                *
MDA CONSTRUCTION, LLC                           *
3139 Southgate Dr., Apt. 8                      *
Alexandria, VA 22306                            *
                                                *
        Serve: CARLOS A. ARANZANA               *
               3139 Southgate Dr., Apt. 8       *
               Alexandria, VA 22306             *
                                                *
And                                             *
                                                *
CARLOS A. ARANZANA                              *
3139 Southgate Dr., Apt. 8                      *
Alexandria, VA 22306                            *
                                                *
        DEFENDANTS.                             *
*************************************************************************

## COMPLAINT

Plaintiffs Carla Aquino ("Aquino") and Helen Merida Ardaya ("Merida") (together,

"Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against MDA

Construction, LLC ("MDA Construction"), James G. Davis Construction Corporation ("Davis Construction") and Carlos A. Aranzana ("Aranzana") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.*, ("DCWPCL") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the Commonwealth of Virginia.  By participating as named Plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2.      MDA Construction is a limited liability company formed under the laws of the Commonwealth of Virginia and doing business in the District of Columbia.

3.      Davis Construction is a corporation formed under the laws of the State of Maryland and doing business in the District of Columbia.

4.      Carlos A. Aranzana owns and operates MDA Construction.

5.      Plaintiffs were employed by Defendants in the District of Columbia as laborers on the Alexander Court project located at 2001 K Street NW, Washington, D.C. 20006.

6.      At all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA, and the DCMWA.

7.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

8.       Carlos A. Aranzana owned and operated MDA Construction throughout Plaintiffs' employment.

9.       Throughout Plaintiffs' employment, Davis Construction acted as a general contractor or intermediate contractor to Defendants and is therefore liable to Plaintiffs pursuant to D.C. Code § 32-1012(c).

10.      Throughout Plaintiffs' employment, Aranzana:

   a.   Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

   b.   Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

   c.   Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

   d.   Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

   e.   Controlled, and was in charge of, MDA Construction's day-to-day operations.

11.      Plaintiffs worked for Defendants from November 26, 2018 until March 8, 2019.

12.      During this time, Defendants paid Plaintiffs $20.00 per hour, even for the hours Plaintiffs worked over forty (40) each week.

13.      Plaintiffs occasionally worked more than 40 hours per week for Defendants. Defendants failed to pay Plaintiffs at one-and-one-half times (1.5x) their regular rates for hours they worked over forty (40) each week.

14.      Defendants failed to pay Aquino anything at all for time she worked between February 25, 2019 and March 8, 2019.

15.      Defendants failed to pay Merida anything at all for time she worked between March

3, 2019 and March 8, 2019.

16.     Plaintiffs' primary work duties did not qualify for any exemption under the FLSA, DCMWA, and DCWPLC.

17.     Defendants' failure and refusal to pay Plaintiffs the wage they rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) their regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

18.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

19.     The FLSA mandates that an employer must pay its employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rates of pay for all hours worked each week in excess of forty (40) ("overtime hours").

20.     At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

21.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

22.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work overtime hours occasionally throughout their employment.

23.     As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half times (1.5x) their regular rate for all overtime hours they worked.

24.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime and Unpaid Wages)

25.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

26.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA. D.C. Code §§ 32-1001, *et seq.*

27.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

28.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work overtime hours during Plaintiffs' employment.

29.     As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half times (1.5x) their regular rate for all the overtime hours worked.

30.     Additionally, Defendants failed to pay Plaintiffs for all wages due.

31.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II for four times (4x) the

amount of all unpaid wages that Defendants failed to pay Plaintiffs, interest (both pre- and post-judgment) for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiffs what was legally owed to them, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

## COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

32.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

33.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

34.     Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

35.     "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

36.     Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

37.     Defendants owe Plaintiffs wages for work duties performed as set forth above.

38.     Defendants' failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCL.

39.    Defendants' failure to pay Plaintiffs all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster, Esq.
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs*